## PATASHINSKY v INDUST COMM

Ohio Appeals, 2nd Dist, Franklin Co

No 2946. Decided March 27, 1939

T. J. Duffy, Columbus, for plaintiff. Ralph J. Bartlett, Pros. Atty., Columbus and D. B. Sharp, Asst., Columbus, for defendant-appellant.

(HORNBECK, PJ., GUERNSEY, J., of the 3rd Appellate District, sitting by designation.)

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The above cause originated before The Industrial Commission, where plaintiff filed her application for compensation on behalf of herself and two minor children as dependents of her husband, Max Patashinsky. The application set forth that Max Patashinsky on and before June 28, 1933, was in the employ of the Goldberg Iron & Steel Company, a corporation. which had fully complied with the Workmen's Compensation Law, and the plaintiff and her children by reason thereof were entitled to participate in the fund. It is further claimed that on the 28th day of June, 1933, while in the usual course of his employment, plaintiff's decedent sustained severe injuries to his back and internal organs when he was struck by a flying piece of iron weighing about ten pounds. Further, that said Max Patashinsky was under the care of a physician and was disabled continuously from the date of his injury until the date of his death, October 23, 1934.

The application for compensation was denied, after which rehearing was had and again the application was denied on the ground that the cause of death of plaintiff's husband had no connection and was not in any sense caused by his previous injuries.

An appeal was then taken to the Court of Common Pleas, where the issues were joined through plaintiff's petition and defendant's answer.

The cause came on for hearing before a Common Pleas judge and a jury, resulting in a verdict for the plaintiff. Motion for new trial was duly filed, overruled and judgment entered on the verdict for the plaintiff.

The assignment of errors are set out in four separate specifications, but the accompanying brief is directed entirely to the insufficiency of the evidence to support the judgment.

The immediate cause of the death of plaintiff's husband, the employee, was cancer of the stomach and bowels. The expert testimony of physicians would indicate rather conclusively that the employee had cancer in at least its incipient stage before the date of the injury.

The evidence also indicates that the decedent was a very faithful, industrious worker and never before his injury had any serious sickness or any knowledge that he was a subject of cancer. On the day of his injury the employee, with other men, was engaged in cutting scrap iron into smaller sizes, which operation was performed by a very large and heavy shearing machine. On one of these operations a piece of the metal, weighing about ten pounds, was thrown from the machine and struck the employee, Patashinsky, in the back and to one side. He was knocked down, or possibly caught by another employee before falling. Thereafter he was taken to the office and was very sick from the effects of the injury, collapsing into a near faint. The decedent before his death filed an application for compensation and his testimony was taken. By agreement, it was stipulated that his testimony might be incorporated as testimony in the instant case, and this was done in the hearing before the Commission.

The employee returned to work the following day and continued working for a matter of two or three weeks, but according to his statement only performed light work. In the testimony of the employee he makes the statement that his stomach bothered him all the time from the day of the injury. Immediately following the injury a physician was called who applied surgical dressings to the coccyx and buttocks; which dressings were renewed four or

five times. On July 18, 1933, another physician was called who diagnosed his condition as a bowel obstruction and ordered him to a hospital. Very shortly thereafter another physician was called and they arrived at a diagnosis of intestinal obstruction and advised an operation. Two or three days later the operation was performed, and then was found an acute intestinal obstruction due to carcinoma of the splenic flexure of the colon. Four other operations were performed, or perhaps they should be referred to as different steps in the same operation, the last one being September 20, 1933. He never returned to work and died, as above stated, October 23, 1934, the cause of death being given as carcinoma of the splenic flexure.

The expert medical testimony was all in accord that the size, nature and character of the cancerous growth could not have been started upon the employee being struck by the piece of iron. In other words, that the condition as found could not have developed within the time following his injuries up to the date of the operation. Several of the witnesses stated that it would take at least eight months to develop the condition as they found it.

The cause to be sustained, if at all, must be upon the theory of acceleration of the cancerous condition which was present at the time of the injury.

There is some conflict in the testimony as to the exact point of contact where the flying piece of metal struck the decedent. The company physician, or the one whom they were in the habit of calling in cases of injury, found lacerations at the coccyx and buttocks. Here is where he applied the surgical dressings. He found no evidence of contusions to the side or front of the abdomen. Several of the expert medical witnesses were of the opinion that the injuries to the coccyx and buttocks were too far away from the cancerous growth to have brought on an acceleration. The employee in his testimony from his sense of feeling located the injuries around to the side. There is presented

in the record expert medical testimony that the injury could have a causal connection with the development of the cancerous growth.

Considering the record as a whole, we think there is sufficient evidence to sustain the verdict of the jury.

Therefore the judgment of the trial court will be affirmed and the cause remanded for further proceedings according to law. Costs will be adjudged against the appellant.

HORNBECK, PJ, and GUERNSEY, J, concur.